UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL NOVICK, | Case No. 2:17-CV-2236 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CITIMORTGAGE, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Novick v. CitiMortgage, Inc.*, case number 2:17-cv-02236-JCM-CWH.

On August 22, 2017 at 5:32pm, defendant CitiMortgage, Inc. removed this action to federal court from the Eighth Judicial District Court of Clark County. (ECF No. 1).

In its notice of removal, defendant claims that the procedural requirements for removal have been met as, it argues, removal of this case "will not result in any prejudice to [plaintiff] Novick as the matter is in the initial pleading stage and no discovery has occurred." *Id.* at 4 ¶ 21.

However, plaintiff had just filed a motion for a temporary restraining order (TRO) and injunction seeking to enjoin a foreclosure on August 1, 2017. *Id.* at 1; (ECF No. 1-8 at 2). Plaintiff requested from the state court "[t]emporary injunctive relief to enjoin the sale of my home until the court determines that Defendant has corrected and remedies the material violations giving rise to this action." (ECF No. 1-8 at 4).

On August 2, 2017, the state district court granted the motion in full, enjoining the foreclosure, and set a hearing on the "continuation of motion for TRO" for August 23, 2017 at 9:00am. *Id.* at 8.

Thus, defendant CitiMortgage removed this action to federal court at 5:32pm the evening before the 9:00am hearing on plaintiff's TRO motion.

Further, at the time the defendant removed this action, its counsel did not indicate to the court that there were outstanding matters requiring the court's immediate attention. Although counsel mentioned the August 1 motion for a TRO that the district court had already granted, this court discovered the impending August 23, 2017 9:00am hearing only because court staff found the information on the last page of defendant's attached exhibits to its notice of removal.

By statute, "injunctions, orders, and other proceedings had in such [state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Interlocutory state court orders thus "are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed." *Louisiana v. Guidry*, 489 F.3d 692, 698 (7th Cir.2007) (*citing Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir.1988)); *see also Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir.1955); *Lechoslaw v. Bank of Am.*, N.A., 575 F. Supp. 2d 286, 292 (D. Mass. 2008).

This court cannot determine what matters remain outstanding, what interlocutory orders are still in effect, and whether any immediate action must be taken by the court on plaintiff's motion for a TRO in state court. Currently, plaintiff's statement regarding removed action is due by September 7, 2017 and a joint status report is due by September 22, 2017. However, because it appears that an emergency matter may remain outstanding from the state district court, this court requires information from the parties sooner.

Accordingly,

IT IS HEREBY ORDERED that the parties must file a status report within 5 days of the date of this order explaining, among other things, the status of the state court's temporary restraining order and plaintiff's motion, the status of the foreclosure sale, and the actions, if any, required by the court at this time. The other existing deadlines in this case remain in effect.

DATED August 28, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge