UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL NOVICK, | Case No. 2:17-CV-2236 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CITIMORTGAGE, INC., | |
| Defendant(s). | |

Presently before the court is the matter of *Novick v. CitiMortgage, Inc.*, case number 2:17-cv-02236-JCM-CWH.

On August 22, 2017 at 5:32pm, defendant CitiMortgage, Inc. removed this action to federal court from the Eighth Judicial District Court of Clark County. (ECF No. 1).

In its notice of removal, defendant claims that the procedural requirements for removal have been met as, it argues, removal of this case "will not result in any prejudice to [plaintiff] Novick as the matter is in the initial pleading stage and no discovery has occurred." *Id.* at 4 ¶ 21.

However, plaintiff had filed only a motion for a temporary restraining order (TRO) seeking to enjoin a foreclosure on August 1, 2017. *Id.* at 1; (ECF No. 1-8 at 2). Plaintiff requested from the state court "[t]emporary injunctive relief to enjoin the sale of my home until the court determines that Defendant has corrected and remedies the material violations giving rise to this action." (ECF No. 1-8 at 4). To date, plaintiff has not filed a complaint.

On August 2, 2017, the state district court granted the motion in full, enjoining the foreclosure, and set a hearing on the "continuation of motion for TRO" for August 23, 2017 at 9:00am. *Id.* at 8.

**James C. Mahan**
**U.S. District Judge**

Thus, defendant CitiMortgage removed this action to federal court at 5:32pm the evening before the 9:00am hearing on plaintiff's TRO motion.

Further, at the time the defendant removed this action, its counsel did not indicate to the court that there were outstanding matters requiring the court's immediate attention. Although counsel mentioned the August 1 motion for a TRO that the district court had already granted, this court discovered the impending August 23, 2017 9:00am hearing only because court staff found the information on the last page of defendant's attached exhibits to its notice of removal.

By statute, "injunctions, orders, and other proceedings had in such [state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Interlocutory state court orders thus "are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed." *Louisiana v. Guidry*, 489 F.3d 692, 698 (7th Cir.2007) (*citing Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir.1988)); *see also Munsey v. Testworth Laboratories*, 227 F.2d 902, 903 (6th Cir.1955); *Lechoslaw v. Bank of Am.*, N.A., 575 F. Supp. 2d 286, 292 (D. Mass. 2008).

On August 28, 2017, this court held that it could not determine what matters remain outstanding, what interlocutory orders are still in effect, and whether any immediate action must be taken by the court on plaintiff's motion for a TRO in state court. The court ordered the parties to file a status report within 5 days of the August 28 explaining, among other things, the status of the state court's temporary restraining order and plaintiff's motion, the status of the foreclosure sale, and the actions, if any, required by the court at this time. (ECF No. 3).

On August 31, 2017, CitiMortgage filed a status report (ECF No. 6) which Novick joined (ECF 10). The status report indicated the following. On August 1, 2017, Michael J. Novick filed a motion for temporary restraining order and injunction in Eighth Judicial District Court Case No. A-17-759241-C. ECF No. 1-8, at 2–6. The Eighth Judicial District Court issued a temporary restraining order and set a hearing for August 23, 2017. ECF No. 1-8, at 7–8. Novick did not file a complaint with his motion. CitiMortgage removed this case to federal court on August 22, 2017. ECF No. 1. CitiMortgage emailed a filed-stamped copy of the petition for removal to Novick on August 22, 2017. CitiMortgage did not appear at the hearing on the motion for temporary

James C. Mahan
U.S. District Judge

- 2 -

restraining order on August 23, 2017. CitiMortgage further indicated that its counsel's staff contacted the state court judicial department on the afternoon of August 22, 2017—the day before the hearing on the TRO—to advise it that a petition for removal would be filed that day. Based upon the court's minutes, Novick represented to the court that he had not formally served CitiMortgage, and the case was continued in the state district court to October 25, 2017, for Novick to provide proper service.

The parties agree that "the court should issue a briefing schedule on Novick's motion for injunctive relief and set the matter for hearing, if appropriate. CitiMortgage canceled the foreclosure sale until the motion for injunctive relief is decided by the court. The court will also need to rule on CitiMortgage's motion to dismiss once the motion is fully briefed." (ECF No. 6 at 2).

On August 29, 2017, CitiMortgage filed in this court a motion to dismiss "Novick's complaint." (ECF No. 4). But Novick has not filed a complaint, so this court cannot dismiss it.

Novick has not filed a complaint, so the removal of this action to federal court was premature. *See generall Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 529 U.S. 344 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint"). 28 U.S.C. § 1441(a) allows a defendant to remove "any civil action brought in a State court . . . ." In Nevada, "[a] civil action is commenced by filing a complaint with the court." Nev. R. Civ. P. 3. Accordingly, before this time, there was not yet a "civil action" in Nevada state court to remove.

Therefore, this court must remand this case to state court. This order does not prejudice CitiMortgage's ability to remove this case upon the subsequent filing of a complaint in state court. Further, the outstanding motion to dismiss must be denied because there is no pleading to dismiss. *See* Fed. R. Civ. P. 12(b)(6) (allowing for a motion to dismiss claims in a *pleading*); Fed. R. Civ. P. 7(a) (explaining that the only pleadings allowed are the complaint, answer, and related documents, but not "motions"); Nev. R. Civ. P. 7(a) (same). Furthermore, this order makes no ruling on the outstanding motion for injunctive relief.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED that the matter of *Novick v. CitiMortgage, Inc.*, case number 2:17-cv-02236-JCM-CWH, is REMANDED to Nevada state court.

IT IS FURTHER ORDERED that CitiMortgage's motion to dismiss (ECF No. 4) is DENIED.

DATED September 12, 2017.

                                                                          /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE